UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**CARMICHAEL CAMPBELL**,
:
:
                          Plaintiff,    :  **MEMORANDUM & ORDER**
:  25-CV-04637 (AMD) (RML)
             – against –
:
**ROSEMARIE E. CAMPBELL**,             :
:
                        Defendant.
:
:
.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On August 18, 2025, the plaintiff filed this action seeking divorce (ECF No. 1) and a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). The plaintiff lives in Portland, Jamaica, alleges that his spouse lives in Brooklyn, New York and alleges that this Court has jurisdiction over this action "because petitioner's spouse is currently living in New York." (ECF No. 1 at 1–2.) The Court grants the plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. (*See* ECF No. 2.) For the reasons that follow, the complaint is dismissed.

## LEGAL STANDARD

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and interprets it to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court must dismiss an IFP action *sua sponte* "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when an action "aris[es] under the Constitution, laws, or treaties of the United States" (in other words, when a federal question is presented), 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

The plaintiff alleges that this Court has jurisdiction over this action "because petitioner's spouse is currently living in New York," and the petitioner lives in Portland, Jamaica. (ECF No. 1 at 1–2.) Interpreting the complaint to raise "the strongest arguments" that it suggests, the plaintiff is alleging that the Court has diversity jurisdiction over this action. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up). However, "[t]he whole

subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States," *Deem v. DiMella-Deem*, 941 F.3d 618, 624 (2d Cir. 2019) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)), and the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in cases involving diversity jurisdiction, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  This Court therefore does not have subject matter jurisdiction over this action.  Nor is there federal question jurisdiction because the action arises under state, not federal, law. 28 U.S.C. § 1331.  This Court therefore has no subject matter jurisdiction over this divorce action.

While "it is within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)), leave to amend is not warranted when the "problem with [the plaintiff's] cause[] of action is substantive" and "better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As explained in this decision, the problem with the plaintiff's complaint is substantive because federal courts do not have subject matter jurisdiction over divorce actions, so "[r]epleading would . . . be futile." *Id.*  Accordingly, the Court does not grant the plaintiff leave to amend the complaint.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.[1]  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

---

[1] The plaintiff may wish to consider filing for a divorce at the Kings County Supreme Court, located at 360 Adams Street, Brooklyn, New York 11201.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, close the action, mail a copy of this Order to Plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          ANN M. DONNELLY
                                          United States District Judge

Dated: Brooklyn, New York
         September 2, 2025